JS 44  (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Ann Van Ness
425 Riverside Road
Neptune City, NJ 07753

(b) County of Residence of First Listed Plaintiff  Monmouth
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Snyder Law Group, P.C.
121 Ivy Lane
King of Prussia, PA 19406

**DEFENDANTS**
Greenwood Gaming and Entertainment, Inc. a/k/a and/or d/b/a Parx Casino; and Greenwood Gaming Services, Inc.; and Keystone Turf Club, Inc.; and Bensalem Racing Association, Inc. a/k/a and/or d/b/a Parx Casino and Racing
2999-3001 Street Road, Bensalem, PA 19020
County of Residence of First Listed Defendant  Bucks County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District (specify)
- ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332
Brief description of cause: personal injury - diversity

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE  3-10-16
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Ann Van Ness | : | CIVIL ACTION |
| v. | : | |
| Greenwood Gaming and Entertainment, Inc. a/k/a and/or d/b/a Parx Casino; and Greenwood Gaming Services, Inc.; and Keystone Turf Club, Inc.; and Bensalem Racing Association, Inc. a/k/a and/or d/b/a Parx Casino and Racing | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| | | |
|---|---|---|
| 03/10/2016 | Robert P. Snyder, Esquire & Erik P. Snyder, Esquire | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-265-8050 | 610-265-6638 | bob@snyderinjurylaw.com & erik@snyderinjurylaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 425 Riverside Road, Neptune City, NJ 07753

Address of Defendant: 2999-3001 Street Road, Bensalem, PA 19020

Place of Accident, Incident or Transaction: Parx Casino, 2999-3001 Street Road, Bensalem, PA 19020
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒

*RELATED CASE, IF ANY:*
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) Knocked down by Agent of Defendant

---

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Robert Q Snyder Esq, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 3-10-16        _____ Attorney-at-Law        15367 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3-10-16        _____ Attorney-at-Law        15367 Attorney I.D.#

CIV. 609 (5/2012)

**SNYDER LAW GROUP, P.C.**
**BY:   ROBERT P. SNYDER, ESQUIRE**
          **ERIK P. SNYDER, ESQUIRE**
ATTORNEY ID NO. 15367, 315999
121 Ivy Lane
King of Prussia, PA 19406
(p) (610) 265-8050    (610) 265-6638 fax            **Attorneys for Plaintiff**

---

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Ann Van Ness<br>425 Riverside Drive<br>Neptune City, NJ 07753<br><br>          Plaintiff<br><br>     v.<br><br>Greenwood Gaming and Entertainment, Inc.<br>a/k/a and/or d/b/a Parx Casino; and<br>Greenwood Gaming Services, Inc.; and<br>Keystone Turf Club, Inc.; and<br>Bensalem Racing Association, Inc.,<br>a/k/a and/or d/b/a Parx Casino and Racing<br>2999-3001 Street Road<br>Bensalem, PA 19020<br><br>          Defendants | No.: |

---

### COMPLAINT

AND NOW, comes the Plaintiff, Ann Van Ness, by and through her counsel, Robert P. Snyder, Esquire, and Erik P. Snyder, Esquire, who respectfully set forth the following:

### PARTIES

1.     Plaintiff Ann Van Ness is an adult American citizen who, at all times relevant hereto, has resided at the above-captioned address.

1

2.     Defendant Greenwood Gaming and Entertainment, Inc., a/k/a and/or d/b/a Parx Casino, is believed to be, and therefore averred to be, a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, duly licensed to conduct business in Pennsylvania, with a principal place of business at 2999-3001 Street Road, Bensalem, PA 19020.

3.     Defendant Greenwood Gaming Services, Inc., is believed to be, and therefore averred to be, a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, duly licensed to conduct business in Pennsylvania, with a principal place of business at 2999-3001 Street Road, Bensalem, PA 19020.

4.     Defendant Keystone Racing Association, Inc., is believed to be, and therefore averred to be, a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, duly licensed to conduct business in Pennsylvania, with a principal place of business at 2999-3001 Street Road, Bensalem, PA 19020.

5.     Defendant Bensalem Racing Association, Inc., a/k/a and/or d/b/a Parx Casino and Racing is believed to be, and therefore averred to be, a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, duly licensed to conduct business in Pennsylvania, with a principal place of business at 2999-3001 Street Road, Bensalem, PA 19020.

6.     It is believed, and therefore averred, that Defendants are the owners of and/or possessors of Parx Casino, located at 2999-3001 Street Road, Bensalem, PA 19020, the site of the race track and casino, where Plaintiff was injured.

## JURISDICTION AND VENUE

7.     District Court has original jurisdiction of this action by reason of the amount in controversy exceeding the sum of $75,000.00, exclusive of interest and costs, and the action being between a party incorporated or having its principal place of business in this state and a citizen of another state, pursuant to 28 U.S.C. § 1332.

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(a), as the Defendants are incorporated or have its principal place of business in Pennsylvania, in this district, and the Plaintiff resides in New Jersey.   Venue also is proper in this District because a substantial part of the events or omissions giving rise to the claims in this Complaint occurred in this District.

## FACTUAL ALLEGATIONS

9.     On or about October 26, 2015, at approximately 4:00 p.m., at Parx Casino, 2999 Street Road, Bensalem, PA, 19020, the Plaintiff, an 85-year-old woman (DOB: 09/27/1930) was exiting the Casino, accompanied by her son, and was approximately twenty (20) feet outside of the main exit door, at which time she was so carelessly, negligently, and/or recklessly run over by an agent, servant, workman, or employee of Parx Casino, who was pushing a dolly, with multiple rows of stackable chairs, so high, that he could not see where he was going, and struck the Plaintiff in her left leg, causing her to fall upon the concrete, and be seriously injured.

10.    At time of the above-incident, a security person from Parx Casino, a manager, and others, came to the scene, assisted in helping Plaintiff up from the ground, to have a seat on one of the chairs that had been on the dolly, where she waited until an ambulance could arrive and transport her to

Aria Health Torresdale, a nearby Philadelphia Hospital facility, where x-rays were taken, revealing the existence of a sprain and fracture of the left ankle.

## **NEGLIGENCE**

11. The proceeding paragraphs are hereby incorporated by reference, as though fully set forth at length herein.

12. The above-described injury and incident, where Plaintiff was "run over" by Defendants' employee pushing a "dolly," was caused as a result of the following negligence, carelessness, and/or recklessness on the part of the Defendants:

    (a) Defendants did fail to properly supervise and train its employees in order to protect the safety of business invitees upon the premises;

    (b) Defendants did fail to adopt and implement reasonable policies for the transportation and movement of items on the sidewalk adjacent to the Casino in a manner that did not block or obstruct the view of the person(s) moving such objects, i.e. chairs;

    (c) Defendants did fail to properly and adequately maintain the premises and, in particular, its sidewalks, for pedestrian walkways, in a reasonably safe condition at the time and place of the incident injuring the Plaintiff;

    (d) Defendants did fail to give warning to the Plaintiff, and others, of the nature and extent of the hazardous conditions which are occurring on the premises, including, but not limited to, employees improperly attempting to move and transport items or equipment which prevented Defendants employees from being able to see where they were going and/or who may be in their path, as they traversed Defendants' premises,

in general, and pedestrian walkways, in particular;

(e) Defendants did fail to adopt reasonable policies with respect to inspection, maintenance, and training of its employees, to avoid injuring business invitees, such as the Plaintiff, who are lawfully on the premises;

(f) Defendants did fail to maintain a proper lookout for pedestrians in the walkways.

12. As a result of the above-described negligence, carelessness, and/or recklessness of the Defendants, Plaintiff received various and sundry injuries, to and about her person, including, but not limited to, the following: fractures and sprains and strains in and about the left lower extremity, rendering Plaintiff incapable of walking, and, thereafter, only permitting her to walk while wearing an orthopedic appliance/boot, with great pain in her left lower extremity, including, but not limited to, the ankle and knee, causing her great physical pain, permanent shock to her nervous system, mental anguish, inability to attend her normal and usual daily duties and activities, for an extended period of time in the past, and, in all likelihood, such condition will continue for an indefinite period of time into the future.

13. As a direct result of the above-wrongful conduct of Defendants, Plaintiff has incurred various items of economic loss, including, but not limited to, medical care and expenses, in endeavoring to treat and cure the above-injuries sustained, all of which, in all likelihood, will continue for an indefinite period of time into the future.

14. At all times relevant hereto, Plaintiff acted reasonably, with due care, and lawfully, as a business visitor/invitee, on the premises, where she was injured by the Defendants' employee, who was acting within the course and scope of his employment and/or authority, actual and/or apparent and/or implied.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a twelve (12) person jury trial as to all issues so triable as a matter of right, pursuant to F.R.C.P. 38(b)(1) and 38(c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff hereby prays that this Honorable Court:

a. Enter a judgment against the Defendants for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs or such greater amount of compensatory and punitive damages as may be determined at trial by the jury, a jury trial being demanded;

b. Enter a judgment against the Defendants for interest, costs, disbursements, and attorney's fees.

Respectfully Submitted:

**SNYDER LAW GROUP, P.C.**

DATE: 3-10-16

BY: _____
ROBERT P. SNYDER, ESQUIRE
Attorney for Plaintiff

DATE: 3-10-16

BY: _____
ERIK P. SNYDER, ESQUIRE
Attorney for Plaintiff

6

## VERIFICATION

I verify that the statements made in the foregoing are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa. C. S. Section 4904 relating to unsworn falsification to authorities.

BY: *Ann Van Ness*

Name: Ann van Ness

Date: 3/10/16