IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANN VAN NESS                                    :
                                                :
        v.                                      :
                                                :
GREENWOOD GAMING AND                            : NO. 2:16-cv-01192-LS
ENTERTAINMENT, INC. d/b/a PARX                  :
CASINO                                          :
                                                :

## ORDER

**AND NOW**, this _____ day of _____, 2016, upon consideration of the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) of Defendant Greenwood Gaming and Entertainment, Inc. d/b/a Parx Casino, it is hereby **ORDERED** and **DECREED** that any and all allegations of recklessness pled in Plaintiff's complaint and associated claims for punitive damages are **DISMISSED**, as to Defendant, with prejudice.

Furthermore, it is hereby **ORDERED** and **DECREED** that any claims for attorney fees are hereby **DISMISSED** from Plaintiff's Complaint, with prejudice.

BY THE COURT:

_____
                                                                    J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANN VAN NESS | : |
| | : |
| v. | : |
| | : |
| GREENWOOD GAMING AND | : NO. 2:16-cv-01192-LS |
| ENTERTAINMENT, INC. d/b/a PARX | : |
| CASINO | : |
| | : |

## MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) OF DEFENDANT GREENWOOD GAMING AND ENTERTAINMENT, INC. db/a PARX CASINO

Defendant, Greenwood Gaming and Entertainment, Inc. d/b/a Parx Casino, (hereinafter "Defendant"), by and through its attorneys, Kane Pugh Knoell Troy & Kramer, LLP and Andrew J. Kramer, Esq., hereby submits the instant Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). In support thereof, Defendant avers as follows:

1. Plaintiff commenced this action by filing a Complaint on or about March 10, 2016. A true and correct copy of the Complaint is attached hereto and marked as Exhibit "A."

2. In the Complaint, Plaintiff has set forth a negligence claim against Defendant, which includes allegations of recklessness.

3. In the *ad damnum* clause of the Complaint, Plaintiff requests attorney fees and for the assessment of punitive damages.

4.      Defendant now timely files this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

5.      Rule 12 of the Federal Rules of Civil Procedure provides for the pleading of defenses and objections. More specifically, Rule 12(b) states that "[e]very defense, in law or fact, to a claim for relief in any pleading, whether a claim, counter-claim, cross-claim or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by Motion: ... (6) failure to state a claim upon which relief can be granted."

6.      In the instant motion, Defendant seeks to dismiss Plaintiff's allegations of recklessness and claims for punitive damages and attorney fees, not Plaintiff's entire complaint.

7.      Here, in accordance with Fed. R.C.P. 12(b)(6), Defendant has filed a Motion to Dismiss Plaintiff's claims for recklessness and attorney fees.

### Motion to Dismiss Plaintiff's Claim for Punitive Damages

8.      In consecutive paragraphs in Plaintiff's Complaint, both numbered 12, Plaintiff alleges that her injuries were caused by Defendant's "negligence, carelessness and/or recklessness". *See* Plaintiff's Complaint at 1st ¶ 12 and 2nd ¶ 12. In conjunction with the recklessness claims, in the Complaint's *ad damnum* clause, Plaintiff has requested punitive damages. Compl. at 6 (Prayer for Relief ¶ a).

9.      Where a review of the complaint shows that the facts taken in a light most favorable to the plaintiff fail to substantiate a claim for punitive damages, it is appropriate to

dismiss a punitive damages claim. *Landsman v. Gustin Stone Supply, Inc.*, 2007 U.S.Dist. LEXIS 51584, J. Caputo (E.D. Pa. No. 07-202 July 17, 2007).

10. In Pennsylvania, punitive damages cannot be based on the mere fact that a tort has been committed. *Packard v. Provident Nat. Bank*, 994 F.2d 1039 (3d Cir. 1993).

11. Punitive damages may only be imposed for conduct that is "outrageous because of the defendant's evil motives or his reckless indifference to the rights of others." Restatement (2nd) of Torts §908(2).

12. In *SHV Coal, Inc. v. Continental Grain Co.*, 526 Pa. 489, 587 A.2d 702, 704 (1991), the Pennsylvania Supreme Court held that an assessment of punitive damages is proper "when a person's actions are of such an outrageous nature as to demonstrate intentional, willful, wanton or reckless conduct, *Pittsburgh Outdoor Adv. Co. v. Virginia Manor Apts., Inc.*, 436 Pa. 350, 260 A.2d 801 (1970), and are awarded to punish that person for such conduct. *Feingold v. Southeastern Pennsylvania Transportation Authority*, 512 Pa. 567, 517 A.2d 1270 (1986); Restatement of Torts, Section 908(1).

13. Thus a Court may award punitive damages only if the conduct was malicious, wanton, reckless, willful or oppressive. *Feld v. Merriam*, 506 Pa. 383, 485 A.2d 742 (1984); *Chambers v. Montgomery*, 411 Pa. 339, 192 A.2d 355 (1963).

14. Mere negligence, or even gross negligence, is not sufficient grounds for punitive damages. *Martin v. Johns-Mansville Corporation*, 504 Pa. 154, 494 A.2d 1088 (1985).

15. Punitive damages may not be awarded for misconduct that constitutes ordinary negligence such as inadvertence, mistake or errors of judgment. *Martin v. Johns-Manville*

*Corp.*, 508 Pa. 154, 494 A.2d 1088, 1097 (1985); *McDaniel v. Merk Sharp and Dohme*, 367 Pa. Super. 600, 533 A.2d 436, 437 (1987), *allocatur denied*, 551 A.2d 215 (1988).

16. Despite the claim for punitive damages, the Plaintiff has failed to allege **facts** that suggest intentional, reckless or malicious conduct on the part of Defendant.

17. Absent the appropriate allegations of outrageous conduct, punitive damages cannot be imposed and the allegations of "recklessness" and "punitive damages" in Plaintiff's Complaint should therefore be dismissed with prejudice.

**WHEREFORE**, Defendant Greenwood Gaming and Entertainment, Inc., d/b/a Parx Casino, Greenwood Gaming Services, Inc., Keystone Turf Club, Inc., and Bensalem Racing Association Inc., d/b/a Parx Casino and Racing respectfully request that this Honorable Court dismiss the allegations of recklessness and claim for punitive damages against them pursuant to Fed. R.C.P. 12(b)(6) on the grounds that as a matter of law, the plaintiff has not pled and cannot prove a legally sufficient cause of action for punitive damages against them.

### Motion to Dismiss Plaintiff's Claim for Attorney Fees

18. Defendant hereby incorporates paragraphs 1 through 15 of these Motions to Dismiss as though set forth herein at length.

19. In the *ad damnum* clause of the Complaint, Plaintiff requests the imposition of attorney fees. Compl. at 6 (Prayer for Relief ¶ b)

20. In Pennsylvania, the general rule is that attorney fees are only recoverable from an adverse party when provided for by statute or when clearly agreed to by the parties. *J.C. Snavely*

*& Sons, v. Web M & E*, 594 A.2d 333, 337 (Pa. Super. 1991), *allocature denied*, 602 A.2d 860 (Pa. 1991).

21. This action involves a claim based in negligence.

22. Plaintiff has not alleged any statutory violations for which attorney fees are recoverable, nor alleged any agreements entered into between the parties for the payment of attorney fees. Therefore, all claims for attorney fees in Plaintiff's Complaint should be dismissed.

**WHEREFORE**, Defendant Greenwood Gaming and Entertainment, Inc., d/b/a Parx Casino, Greenwood Gaming Services, Inc., Keystone Turf Club, Inc., and Bensalem Racing Association Inc., d/b/a Parx Casino and Racing respectfully request that this Honorable Court dismiss the claims for attorney fees against them pursuant to Fed. R.C.P. 12(b)(6) on the grounds that as a matter of law, the Plaintiff has not pled and cannot prove a legally sufficient cause of action against them.

                    **Respectfully submitted,**

                    **KANE PUGH KNOELL TROY & KRAMER, LLP**

                    By:    */s/ Andrew J. Kramer, Esquire*
                           ANDREW J. KRAMER, ESQUIRE
                           SIGNATURE CODE: AJK2118
                           Attorney Identification No. 52613
                           510 Swede Street
                           Norristown, PA 19401-4886
                           Phone: (610) 275-2000
                           Fax:   (610) 275-2018
                           Attorney for Defendant