IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| ANN VAN NESS, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | No. 16-1192 |
| v. | : | |
| | : | |
| GREENWOOD GAMING AND | : | |
| ENTERTAINMENT, INC. d/b/a | : | |
| PARX CASINO, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**O R D E R**

**AND NOW,** this 2nd day of June, 2016, upon consideration of the Defendant's Motion to Dismiss (Doc. No. 5), and any response thereto, it is hereby **ORDERED** that said Motion is **DENIED.**[1]

BY THE COURT:

/s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.

---

[1] I will deny the Defendant's Motion as the Plaintiff has met her pleading burden. A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations must be sufficient to make the claim for relief more than just speculative. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether to grant a motion to dismiss, a federal court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Id.; see also D.P. Enters. v. Bucks Cnty. Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

The Federal Rules of Civil Procedure, however, do not require a plaintiff to plead in detail all of the facts upon which she bases her claim. Conley, 355 U.S. at 47. Rather, the Rules require a "short and plain

statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Id. The "complaint must allege facts suggestive of [the proscribed] conduct." Twombly, 550 U.S. at 564. Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Se. Pa. Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995). The claim must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). A court "may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Brown v. Card Serv. Ctr., 464 F.3d 450, 456 (3d Cir. 2006)(quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

Under Pennsylvania law, it is well settled that "punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." Hutchison ex rel. Hutchison v. Luddy, 870 A.2d 766, 770 (Pa. 2005)(internal quotation marks and citation omitted); see also McKenna v. Toll Bros., No. CIV.A. 14-6543, 2015 WL 1874236, at *2 (E.D. Pa. Apr. 23, 2015). Punitive damages may only be awarded when a defendant's conduct is "so outrageous as to demonstrate willful, wanton or reckless conduct." Id. Thus, to state a claim for punitive damages under Pennsylvania, a plaintiff must "allege facts sufficient to demonstrate evil motive or reckless indifference to the rights of others." McKenna, 2015 WL 1874236, at *2 (citing Great West Life Assurance Co. v. Levithan, 834 F.Supp. 858, 864 (E.D.Pa. 1993)(internal quotation marks omitted).

Viewing the facts as set forth in the Plaintiff's Complaint as true and in the light most favorable to her, I find that the Plaintiff has sufficiently stated a claim for punitive damages. The Plaintiff has alleged that:

> [t]he Defendant, by and through its agents, servants, and/or workman, recklessly pushed a dolly, in daylight, with multiple rows of stackable chairs, stacked so high, that he could not see where he was going, immediately outside of a busy casino, on a regularly traversed pedestrian walkway during high traffic hours, and pushed this dolly with a reckless indifference to the high risk of injury he was creating for people around him.

Doc. No. 7-2 at 3. Although the facts may later prove at most that the Defendant was merely negligent, discovery is necessary to make this determination. Dismissing the Plaintiff's punitive damages claim at this stage would be premature. Therefore, I will deny the Defendant's Motion to Dismiss the Plaintiff's request for punitive damages.